UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:07CR54-PPS |
| vs. | ) and |
| | ) No. 2:16CV282-PPS |
| DERRICK KENNEDY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Derrick Kennedy was one of three defendants charged in the armed robbery of a gas station in January 2007. On March 13, 2008, Kennedy entered a plea of guilty to Counts 1 and 2 of the superseding indictment — a charge of Hobbs Act robbery under 18 U.S.C. §1951 and a charge of using and carrying a firearm during and in relation to a crime of violence, namely the robbery, under §924(c)(1). [DE 73, 81.] Kennedy was sentenced to 24 months on Count 1 plus a consecutive 84 months (7 years) on Count 2. [DE 124, 128.] Seven years is the statutory mandatory minimum for a §924(c) offense involving brandishing a weapon. *See* 18 U.S.C. §924(c)(1)(A)(ii). Kennedy now seeks to set aside his federal conviction by a motion under 28 U.S.C. §2255. [DE 174.]

Count 2 alleged that Kennedy used and carried a firearm during and in relation to "obstructing, delaying, and affecting commerce and attempting to obstruct, delay, and affect commerce by robbery, as set forth in Count 1," or aided and abetted such an offense, in violation of 18 U.S.C. §§2, 924(c)(1), and 1951. [DE 51 at 2.] Kennedy argues that Hobbs Act robbery, as defined in §1951, does not qualify as a "crime of violence"

required for conviction under §924(c). "Crime of violence" is defined in §924(c)(3) as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Last year, in *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015), the Supreme Court held that a similar "otherwise involves conduct" clause within the definition of "violent felony" for purposes of §924(e) — commonly referred to as the "residual clause" of the Armed Career Criminal Act — is unconstitutionally vague and therefore void. This year, in *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule that has retroactive effect in cases on collateral review. *Johnson* therefore triggered a new one-year statute of limitations to bring *Johnson*-based claims under §2255(f)(3).

Kennedy argues that *Johnson* invalidates the residual "by its nature" clause of the "crime of violence" definition in §924(c)(3)(B), and that Hobbs Act robbery does not meet the remaining "elements" prong of the definition in §924(c)(3)(A) because the statutory definition does not have "as an element the use, attempted use, or threatened use of force." Kennedy's first point is unassailable because the Seventh Circuit has recently held that because §924(c)(3)(B) "is virtually indistinguishable from the clause in *Johnson* that was found to be unconstitutionally vague...the residual clause in 18 U.S.C. §924(c)(3)(B) is also unconstitutionally vague." *United States v. Cardena*, ___ F.3d ___,

2

2016 WL 6819696 at *24, *25 (7th Cir. Nov. 18, 2016). But this doesn't answer the question of whether robbery under the Hobbs Act is a crime of violence under the elements clause of §924(c)(3)(A). In other words, does the crime of Hobbs Act robbery have as an "element the use, attempted use, or threatened use of force?" For if it does, then the holding in *Johnson* is neither here nor there for present purposes.

The Hobbs Act is violated when a defendant:

> in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section...

18 U.S.C. §1951. So there are two ways to obstruct commerce and thus violate the Hobbs Act — robbery and extortion. This makes the Hobbs Act statute divisible because it defines multiple crimes. [DE 181 at 13.] But unlike §924(e), which is a sentencing-enhancement statute based on *prior convictions* for violent felonies, a §924(c) charge is a "stand-alone crime" that *itself alleges* the particular crime of violence (or drug trafficking crime) committed with a firearm. *Davila v. United States*, ___ F.3d ___, 2016 WL 7217582 at *1 (7th Cir. Dec. 13, 2016).

"Robbery" is defined in the Hobbs Act as "the unlawful taking . . . of personal property from the person . . . of another, against his will, by means of actual or threatened force, or violence, or fear of injury. . . ." 18 U.S.C. §1951(b)(1). So Hobbs Act robbery can be committed by alternative means under the definition in §1951(b)(1), namely by "actual or threatened force, or violence, or fear of injury." But in this case

3

Count 1 expressly alleges that the gas station robbery was carried out by all of those means, that is "by means of actual **and** threatened force, violence, **and** fear of immediate injury to [an employee's] person."  [DE 51 at 1.]  Unlike the statutory definition of Hobbs Act robbery, the charge against Kennedy uses all conjunctives, not disjunctives. What's more, Mr. Kennedy admitted at his plea hearing that a firearm was brandished in the course of the robbery. [DE 73 at 3; *see also* PSR at ¶¶ 13, 17 & 19.] Mr. Kennedy plainly committed a violent crime that involved the use of actual and threatened force, as well as fear of injury when he participated in the armed robbery of the gas station. He is therefore guilty of brandishing a firearm during a crime of violence.

The analysis I just undertook is an analysis of the facts of this case. It isn't an analysis of some past criminal conduct buried in a defendant's criminal history as is required when deciding, for example, whether a sentencing enhancement under the Armed Career Criminal Act applies. The record of *this case* contains Kennedy's stipulation as part of his plea agreement that a firearm was brandished in the course of the robbery.  [DE 110 at 4.]  The facts alleged and established by stipulation clearly meet the elements prong of §924(c)(3)(A), because the Hobbs Act robbery that was actually committed by Mr. Kennedy involved the unlawful taking of personal property by means of actual and threatened force, violence and fear of immediate personal injury.

This makes any discussion about whether I should employ "the categorical approach" or the "modified categorical approach" unnecessary.  It is likewise unnecessary, as Mr. Kennedy invites me to do, to ponder the variety of hypothetical

4

ways in which a Hobbs Act robbery *might* be committed that would not satisfy the elements clause of §924(c)(3)(A). To repeat, those are questions to consider when deciding if some prior offense in a defendant's criminal history is a crime of violence. But in the present circumstance, it doesn't matter how a Hobbs Act robbery *might* be committed when we know how it was in fact committed *in this case* by Mr. Kennedy and his co-defendants. Because the crime of violence is an element of the §924(c) charge of which Kennedy was convicted, the proof of the elements of that underlying crime was before me at Mr. Kennedy's plea hearing and sentencing, and it remains before me today. No conjecture is needed to arrive at this conclusion.

Other courts have used a similar analysis concerning §924(c) offenses. "In the case before us of contemporaneous offenses of Hobbs Act robbery and of brandishing a handgun, the modified categorical approach is inherent in the district court's consideration of the case because the relevant indictment and jury instructions are before the court." *United States v. Robinson*, ___ F.3d ___, 2016 WL 7336609 at *4 (3rd Cir. Dec. 19, 2016). "We conclude that analyzing a §924(c) predicate offense in a vacuum is unwarranted when the convictions of contemporaneous offenses, read together, necessarily support the determination that the predicate offense was committed with the 'use, attempted use, or threatened use of physical force against the person or property of another.'" *Id*. at *5. "So when determining whether defendant's Hobbs Act offense qualifies as a predicate crime of violence for purposes of the section 924(c)(1) charge, there will be no need to look back in time and figure out what happened in

5

another court. If defendant enters a plea of guilty, the Court will be well aware of exactly what facts defendant admitted, and whether or not they support the enhancement." *United States v. McCallister*, 2016 WL 3072237 at *4 (D.D.C. May 31, 2016).

My conclusion that a conviction under §924(c)(3)(A) is supported by an armed Hobbs Act robbery is consistent with all the other district and appellate cases I am aware of considering this question. These include: *Robinson*, 2016 WL 7336609 at *5; United *States v. Hill*, 832 F.3d 135, 137 (2nd Cir. 2016); *United States v. Howard*, 650 Fed.Appx. 466, 468 (9th Cir. 2016); *United States v. Crawford*, No. 3:15CR70-JED (N.D.Ind. Jan. 27, 2016) (collecting cases at 5-6); *McCallister*, 2016 WL 3072237 at *11.

What's more, in denying applications for leave to bring successive §2255s, the Seventh Circuit has several times opined that Hobbs Act robbery qualifies as a crime of violence under the elements clause of §924(c)(3)(A). *See Rimpson v. United States*, No. 16-2304 at 1-2 (7th Cir. June 28, 2016) ("Rimpson believes that Hobbs Act robbery qualifies as a crime of violence only under the now-suspect residual clause in §924(c)(3)(B). He is wrong though. The robbery statute, 18 U.S.C. §1951, has as an element the use of force against a person or property."); *Scott v. United States*, No. 16-1630 at 1-2 (7th Cir. April 8, 2016) (Hobbs Act robbery "clearly has as an element the use or threatened use of force which qualifies as a predicate offense under the elements test, §924(c)(3)(A), not the residual clause, §924(c)(3)(B)"). Kennedy's motion to vacate his conviction and sentence will be denied.

I must also consider whether to grant Kennedy a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULES GOVERNING SECTION 2255 PROCEEDINGS 11(a). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To obtain a certificate of appealability, Kennedy must show that reasonable jurists could debate whether his petition should have been resolved differently. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In light of the apparent unanimity of judicial decisions against Kennedy's contention that Hobbs Act robbery is not a predicate offense under §924(c)(3)(A), I will deny a certificate of appealability.

**ACCORDINGLY:**

Derrick Kennedy's motion to vacate, set aside or correct his sentence under §2255 [DE 174] is DENIED.

A certificate of appealability is DENIED.

**SO ORDERED** this 29th day of December, 2016.

      /s/ Philip P. Simon
      **Chief Judge, U.S. District Court**